## Frank Kochanski, Appellee, v. County of Cook, Appellant.

### Gen. No. 23,157. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed December 28, 1917. Rehearing denied January 10, 1918.

### Statement of the Case.

Action by Frank Kochanski, plaintiff, against the County of Cook, defendant, to recover salary alleged to have accrued after plaintiff's illegal removal from a civil service position as assistant engineer. From a judgment for plaintiff for $115, defendant appeals.

MACLAY HOYNE, for appellant; GEORGE C. BLISS, of counsel.

A. D. GASH and A. G. DICUS, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. CIVIL SERVICE, § 7*—*when evidence shows legal appointment of assistant engineer.* Evidence pertaining to plaintiff's unquestioned employment as assistant engineer for over 13 years, *held* to sufficiently show he was legally appointed to that position.

2. CIVIL SERVICE, § 31*—*when unnecessary for assistant engineer to show vacancy or right thereto.* Where plaintiff, after legal appointment as assistant engineer in the civil service of defendant Cook County, served in the Dunning Institution until after it was taken over by the State, receiving his pay thereafter from the State until his appointment by the County Board of Cook County to a temporary position as assistant operating engineer at Oak Forest Institution, from which he was subsequently discharged, *held* that it

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

was not necessary for plaintiff to show that there was any vacancy or that he was entitled to one, if it existed, after the time he left the Dunning Institution, in an action to recover damages because of his discharge, under a rule of the Civil Service Commission that employees in the classified civil service of the county when the State took over the Dunning Institution should be considered as county employees and so treated upon reinstatement lists.

3. CIVIL SERVICE, § 31*—*when tender of services is unnecessary.* Tender of services by a civil service employee after his illegal discharge, *held* superfluous and unnecessary to be shown, in an action to recover damages for such discharge.